# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> APRIL TILLMAN, <br><br> Defendant. | No. 12-CR-2024-LRR <br><br> **ORDER** |

_____

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  RELEVANT PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . *2*

III. ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    A.   *Government's Motion in Limine* . . . . . . . . . . . . . . . . . . . . . . . . . *2*
        1.   **Intrinsic evidence** . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
        2.   **Rule 404(b)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        3.   **Rule 403** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        4.   **Summary** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    B.   *Defendant's Motion in Limine* . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        1.   **Distribution of other drugs** . . . . . . . . . . . . . . . . . . . . . *7*
        2.   **Prior conviction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        3.   **Indigent status** . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

## *I. INTRODUCTION*

The matters before the court are the government's "Motion in Limine" (docket no. 425) and Defendant April Tillman's "Motion in Limine" (docket no. 435) (collectively, "Motions").

## II. RELEVANT PROCEDURAL HISTORY

On August 22, 2012, a grand jury returned a twelve-count Indictment (docket no. 15) against Defendant and others. Count 1 of the Indictment charges Defendant with conspiring to distribute and possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. The Indictment also contains a forfeiture allegation.

On July 3, 2013, the government filed its Motion in Limine. On July 8, 2013, Defendant filed her Motion in Limine. On July 11, 2013, the government filed its Resistance to Defendant's Motion in Limine (docket no. 439). That same date, the court held a Final Pretrial Conference, during which time it heard arguments on the Motions. *See* July 11, 2013 Minute Entry (docket no. 442). Defendant has not filed a resistance to the government's Motion in Limine, and the time for doing so has expired. *See* Criminal Trial Scheduling Order (docket no. 105) at 2; LCrR 47.a. The court finds that the Motions are fully submitted and ready for decision.

## III. ANALYSIS

### A. *Government's Motion in Limine*

In the government's Motion in Limine, the government requests that the court admit evidence that Defendant distributed drugs other than heroin during the same time frame as the charged conspiracy. Specifically:

> [T]he government anticipates various witnesses testifying regarding purchasing or receiving heroin from [D]efendant. In addition, the government anticipates that several witnesses will also testify that they purchased methadone or oxycodone from [D]efendant. These purchases were made because heroin was unavailable, and the witness wanted to avoid getting 'sick' with withdrawal symptoms.

Brief in Support of Government's Motion in Limine (docket no. 425-1) at 2. The government argues that such evidence is admissible as intrinsic evidence, or, alternatively, it is admissible under Federal Rule of Evidence 404(b).

### 1. *Intrinsic evidence*

First, the government contends that Defendant's methadone and oxycodone distribution activities are "inextricabl[y] intertwined" with Defendant's involvement in the charged conspiracy. *Id.* at 3. The government argues that "Defendant's sales of methadone and oxycodone further[ed] the objectives of the heroin conspiracy by maintaining its customer base." *Id.* That is, Defendant distributed the methadone and oxycodone to heroin users when heroin was unavailable so that the heroin users would not get sick, thereby ensuring that the heroin users would be "able to make future purchases of heroin from [Defendant], or other members of the conspiracy." *Id.* Thus, the government maintains that evidence that Defendant distributed methadone and oxycodone is admissible as intrinsic evidence.

"One of the exceptions to the general rule that evidence of other crimes committed by a defendant is inadmissible is when the proof provides the context in which the charged crime occurred—'the res gestae.'" *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005) (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)). Res gestae evidence includes evidence that "completes the story or provides a total picture of the charged crime" or evidence that is "so blended or connected" with the charged crime that "proof of one incidentally involves the other." *Id.* (emphasis omitted) (quoting *United States v. Forcelle*, 86 F.3d 838, 841, 842 (8th Cir. 1996)) (internal quotation mark omitted). "Although *res gestae* evidence sometimes implicates the defendant in other acts, we have concluded that where acts are inextricably intertwined with the charged crime, they are not extrinsic, and thus not merely character evidence governed by Federal Rule of Evidence 404(b)." *United States v. LaDue*, 561 F.3d 855, 858 (8th Cir. 2009).

3

For the reasons set forth by the government, the court agrees that Defendant's methadone and oxycodone distribution activities, although uncharged, are "inextricabl[y] intertwined," Brief in Support of Government's Motion in Limine at 3, with the charged conspiracy. The government alleges that Defendant distributed methadone and oxycodone to further the objectives of the conspiracy; that is, when heroin was unavailable, she distributed methadone and oxycodone to customers who wanted to avoid withdrawal symptoms until heroin became available again. In this way, the government alleges that Defendant was able to maintain the conspiracy's customer base. The court finds that this proposed evidence is "so blended or connected," *Fleck*, 413 F.3d at 890 (quoting *Forcelle*, 86 F.3d at 841), with the charged heroin conspiracy that it is not extrinsic to the charged crime but, rather, is res gestae.

### 2. *Rule 404(b)*

Alternatively, the government argues that evidence that Defendant distributed methadone and oxycodone is admissible under Rule 404(b) to show motive, opportunity, intent, plan or knowledge. The court agrees.

Rule 404(b) provides that evidence of other crimes is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for other purposes, such as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "[Rule 404(b)] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006).

> To be admissible, Rule 404(b) evidence must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, [and] (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act . . . .

4

*Id.* (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)) (internal quotation mark omitted).[1]

In this case, the court finds that the Rule 404(b) factors have been satisfied. First, evidence that Defendant distributed drugs other than heroin is relevant to her intent and knowledge. *See United States v. Marquez-Alvarado*, 501 F.3d 971, 974 (8th Cir. 2007) (finding that, although the defendant was charged with participating in a marijuana conspiracy, evidence that he was involved in cocaine transactions during the same period as the charged conspiracy was relevant to the issues of intent and knowledge); *see also United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011) ("'[A] prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, [is] relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs.'" (quoting *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002))).

Second, the court finds that evidence that Defendant distributed methadone and oxycodone is similar in kind to the charged offense. *See United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006) (noting that it is not necessary for the prior offense and charged offense to involve the same illegal drug). Moreover, the Eighth Circuit has previously upheld admission of evidence relating to conduct that occurred during the same time period as the charged offense. *See Marquez-Alvarado*, 501 F.3d at 974-75; *see also United States v. Jones*, 145 F.3d 959, 964 (8th Cir. 1998) (upholding the admission of evidence of drug trafficking activity that occurred after the defendant left the charged conspiracy).

---

[1] Although the Eighth Circuit Court of Appeals has historically articulated a four-factor Rule 404(b) test, the Eighth Circuit suggested in *United States v. Maxwell*, 643 F.3d 1096, 1102 (8th Cir. 2011), that the fourth factor—whether the evidence's prejudicial impact substantially outweighs its probative value—is more properly analyzed under Federal Rule of Evidence 403. The court addresses Rule 403 in the following section.

Third, the court finds that there is sufficient evidence to support a finding that Defendant distributed methadone and oxycodone. The government contends that several witnesses will testify that Defendant sold them methadone and oxycodone. Direct testimony that a defendant participated in a prior act is sufficient to support a jury finding that the prior act occurred. *See Marquez-Alvarado*, 501 F.3d at 975; *see also United States v. Evans*, 697 F.2d 240, 249 (8th Cir. 1983) (holding that the uncorroborated testimony of a government witness is sufficient to satisfy the more demanding clear and convincing test).

Thus, even if the court found that evidence that Defendant distributed methadone and oxycodone was not so intertwined with the heroin conspiracy to be admissible as res gestae, the court would nevertheless find such evidence to be admissible under Rule 404(b).

### 3. *Rule 403*

As the government acknowledges in its Brief in Support of the Motion in Limine, whether evidence that Defendant distributed methadone and oxycodone is offered as intrinsic evidence or as evidence admissible under Rule 404(b), all evidence is still subject to analysis under Federal Rule of Evidence 403. *See Maxwell*, 643 F.3d at 1102 (discussing the relationship between Rule 404(b) and Rule 403); *United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir. 1986) (noting that a court must still apply Rule 403 to intrinsic evidence). Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In this case, the court concludes that the probative value of the evidence is not substantially outweighed by the dangers and considerations enumerated in Rule 403. While the court does not doubt that Defendant will suffer some prejudice, the court cannot

say that such prejudice outweighs the probative value of the evidence. As the government notes, "[t]here is nothing to suggest that the [proposed] evidence is overly prejudicial, considering the jury will hear evidence of [D]efendant's distributions of heroin to various members of the conspiracy." Brief in Support of Government's Motion in Limine at 4. Thus, the court finds that Rule 403 does not bar evidence that Defendant distributed methadone and oxycodone in furtherance of the charged conspiracy.

### *4. Summary*

In light of the foregoing, the court finds that evidence that Defendant distributed methadone and oxycodone is admissible as intrinsic evidence. Alternatively, the court finds that such evidence is admissible under Rule 404(b). Thus, the court shall grant the government's Motion in Limine.

## *B. Defendant's Motion in Limine*

In Defendant's Motion in Limine, Defendant requests that the court exclude: (1) "[e]vidence and/or testimony regarding Defendant's involvement in any distribution or other alleged involvement with drugs not named in the [I]ndictment"; (2) "[e]vidence of Defendant's prior conviction in Cook County Illinois for Manufacture/Delivery of a Controlled Substance"; and (3) "[e]vidence and/or testimony regarding Defense Counsel's appointment via . . . Defendant's indigent status." Defendant's Motion in Limine at 1.

### *1. Distribution of other drugs*

In the Brief in Support of Defendant's Motion in Limine, Defendant requests that the court exclude evidence that she distributed methadone and oxycodone. Defendant contends that "[t]here is nothing about distributing oxycodone or methadone that in any way indicates participation in a conspiracy to distribute heroin," Brief in Support of Defendant's Motion in Limine (docket no. 453-1) at 2, and, furthermore, such evidence merely suggests that Defendant has a propensity to distribute drugs.

7

For the reasons set forth above, the court finds that Defendant's arguments are without merit. Evidence that Defendant distributed methadone and oxycodone is admissible as intrinsic evidence or, alternatively, under Rule 404(b). Accordingly, the court shall deny Defendant's Motion in Limine to the extent it seeks to exclude such evidence.

### 2. *Prior conviction*

Defendant also requests that the court exclude evidence that Defendant has a 2005 conviction for the manufacture/delivery of a controlled substance. Defendant contends that such evidence is not admissible under Rule 404(b) because it is not relevant, it is not close in time and "there is no indication from the charge itself whether it involved the same controlled substance." Brief in Support of Defendant's Motion in Limine at 3. Defendant further contends that the probative value of the prior conviction is substantially outweighed by its prejudicial effect.

In its Resistance, the government argues that Defendant's prior conviction is admissible under Rule 404(b) to show her knowledge and intent. Moreover, the government contends that the conviction is not too remote in time because the trial evidence will show that Defendant joined the charged conspiracy in early to mid-2011; thus, there is only an approximately six-year gap between the date of the prior conviction and the charged criminal conduct.

As noted above, prior bad act evidence is admissible under Rule 404(b) if it is relevant, it is similar in kind and close in time to the charged conduct, it is supported by sufficient evidence and its probative value is not substantially outweighed by the dangers and considerations listed in Rule 403. *See Maxwell*, 643 F.3d at 1102; *Johnson*, 439 F.3d at 952. The court finds that each of these factors is satisfied. First, it is well-settled in the Eighth Circuit that prior drug convictions "are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs."

8

*Robinson*, 639 F.3d at 494 (quoting *Frazier*, 280 F.3d at 847) (internal quotation mark omitted). Thus, the court finds that Defendant's 2005 conviction for the manufacture/delivery of a controlled substance is relevant to a material issue at trial.

Second, the court finds that the prior conviction is similar in kind and close in time to the charged offense. As noted above, it is not necessary for the prior offense and charged offense to involve the same illegal drug.[2] *See Cook*, 454 F.3d at 941. Further, the government contends that the trial evidence will establish that Defendant joined the charged conspiracy in 2011—only six years after Defendant's prior conviction. Contrary to Defendant's assertion otherwise, the 2005 conviction is not too remote in time to be admissible under Rule 404(b). *See United States v. Shillingstad*, 632 F.3d 1031, 1035 (8th Cir. 2011) (holding that prior bad acts "were sufficiently close in time" when they were committed "within four years of the charged conduct"); *United States v. Crippen*, 627 F.3d 1056, 1064 (8th Cir. 2010) (holding that evidence of a seven-year-old conviction was not too remote in time); *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (holding that evidence of an eleven-year-old conviction was not too remote in time).

Third, Defendant's prior conviction is supported by sufficient evidence. The government has provided a copy of the Order of Commitment and Sentence and Defendant does not contest that she was, in fact, convicted of the manufacture/delivery of a controlled substance. Thus, the court finds that this factor is satisfied.

Finally, the court finds that the probative value of the prior conviction is not substantially outweighed by the dangers and considerations listed in Rule 403. Although Defendant contends that she will suffer prejudice if the court permits the jury to hear

---

[2] In the Brief in Support of Defendant's Motion in Limine, Defendant contends that her 2005 conviction, on its face, does not indicate what drug she was convicted of manufacturing/delivering. The government has since filed an Information (docket no. 449) along with a copy of the Order of Commitment and Sentence (docket no. 449-1), which shows that Defendant's prior conviction involved cocaine.

9

evidence of her prior conviction, she offers no reason why such prejudice substantially outweighs the probative value of the evidence. Moreover, the court notes that any prejudice will be lessened by an appropriate jury instruction. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court . . . ."); *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009) ("[T]he district court's limiting instruction—clarifying that the evidence was admitted only for the purpose of showing knowledge and intent—minimized any prejudicial effect it may have had.").

In light of the foregoing, the court finds that evidence of Defendant's 2005 conviction for the manufacture/delivery of a controlled substance is admissible under Rule 404(b). Accordingly, the court shall deny Defendant's Motion in Limine to the extent it seeks to exclude such evidence.

### 3. *Indigent status*

Finally, Defendant requests that the court exclude evidence that Defendant has appointed counsel due to her indigent status. In its Resistance, the government states that it does not intend to offer "any evidence regarding how defense counsel came to represent [D]efendant," but it does intend to offer evidence showing that "[D]efendant was unemployed and did not have sufficient funds to support her heroin addiction" and, consequently, became involved in the conspiracy to support her heroin addiction. Resistance at 5. At the Final Pretrial Conference, Defendant stated that she did not object to such evidence. In light of the parties' agreement, the court shall grant Defendant's Motion in Limine to the extent it seeks to exclude evidence regarding defense counsel's appointment. This ruling, however, does not prevent the government from presenting evidence that, during the relevant times, Defendant "was unemployed and did not have sufficient funds to support her heroin addiction." *Id*.

## IV. CONCLUSION

Thus, for the foregoing reasons, it is **HEREBY ORDERED**:

(1) The government's Motion in Limine (docket no. 425) is **GRANTED**;

(2) Defendant's Motion in Limine (docket no. 435) is **GRANTED IN PART** and **DENIED IN PART**; and

(3) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subject. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED.**

**DATED** this 18th day of July, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA