# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> APRIL TILLMAN, <br><br> Defendant. | 12-CR-2024-LRR <br><br> **ORDER** |

## TABLE OF CONTENTS

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  RELEVANT PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . *1*

III. RELEVANT FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . *2*

IV.  MOTION FOR NEW TRIAL. . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    A.   *Legal Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    B.   *Analysis.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

        1.   *Sufficiency of the evidence.* . . . . . . . . . . . . . . . . . . . *4*

        2.   *Buyer/Seller jury instruction.* . . . . . . . . . . . . . . . . . . *5*

V.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

## *I. INTRODUCTION*

The matter before the court is Defendant April Tillman's "Motion for New Trial" ("Motion") (docket no. 482).

## *II. RELEVANT PROCEDURAL HISTORY*

On August 22, 2012, the Grand Jury returned a twelve-count Indictment (docket no. 15) charging Defendant and thirteen other individuals[1] with a number of crimes.

---

[1] The other individuals charged were: Lusta Johnson, Catherine Johnson, Dominick Watts, Conny Miles, Leroy Baylor, Bryant Olive, Antoine Williams, Barbara Brooks, Raydell Talbert, Frank Nelson, Fred Olive, Mavia Walker and Veronica Kelly.

Count 1 of the Indictment charged Defendant with conspiracy to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. On July 15, 2013, the government relied on a previous conviction for a felony drug offense and filed a Notice of Intent to Seek Enhanced Penalties (docket no. 449) pursuant to 21 U.S.C. § 851. Defendant was tried on Count 1 of the Indictment on July 22, 2013 and subsequently convicted on July 24, 2013. *See* Jury Verdict (docket no. 470).

On August 7, 2013, Defendant filed the Motion, which requests that the court grant a new trial on the grounds that the verdict is against the weight of the evidence and that the court failed to give a buyer/seller jury instruction. On August 12, 2013, the government filed a Resistance (docket no. 483). The matter is fully submitted and ready for decision.

### III. RELEVANT FACTUAL BACKGROUND

The trial evidence established that the government began investigating heroin distribution in the Waterloo area in 2010. After a series of controlled buys, the government executed a search warrant in February of 2011, and the government arrested several top-level dealers. Following those arrests, the government continued its investigation and made another series of arrests in late 2011. After the arrests in late 2011, the government continued its investigation, and it began investigating Defendant.

Pursuant to this investigation, the government discovered that Defendant regularly used heroin, and, to support her heroin habit, Defendant began distributing heroin. The government presented several witnesses who testified to purchasing heroin directly from Defendant.[2] Other government witnesses testified that Defendant delivered heroin that other co-conspirators ordered and accompanied Catherine Johnson to Chicago to obtain

---

[2] These witnesses include: VonVetta Sawyers, Lewis Bolden, Catherine Johnson, Veronica Kelly, Joey Butikofer, Archie Burns, Frank Nelson, Leeann Rooff, Barbara Brooks and Conni Esch.

2

heroin. Witnesses further testified that Defendant delivered heroin for Catherine Johnson, ran the heroin traffic at Catherine Johnson's home and repackaged the heroin obtained from Chicago in Waterloo. Witnesses also testified that Defendant assisted "Jello" with selling heroin outside the apartment of Defendant's daughter. Finally, witnesses testified that Defendant drove "Jello" to drug transactions. In total, the government presented testimony from nineteen separate witnesses. Defendant cross-examined all of the government's witnesses.

The government also presented evidence of Defendant's phone records, which showed phone calls that Defendant made to other co-conspirators and corroborated the testimony of the government's witnesses.

## IV. MOTION FOR NEW TRIAL

### A. Legal Standard

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation marks omitted). However, district courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). Further, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

### B. Analysis

Defendant argues that she is entitled to a new trial because the government failed to present sufficient evidence to support a guilty verdict and because the court did not give a buyer/seller jury instruction. The court will address these arguments in turn.

### 1. *Sufficiency of the evidence*

Defendant first argues that she should be granted a new trial because "the verdict is against the weight of the evidence." *See* Brief in Support of the Motion at 1 (docket no. 482-1) (emphasis omitted). In support of this argument, Defendant contends that the government lacked sufficient physical evidence implicating Defendant in the conspiracy and that the government's witnesses were not credible.

"Motions for new trials based on the weight of the evidence are generally disfavored." *United States v. Samuels*, 543 F.3d 1013, 1019 (8th Cir. 2008) (quoting *Campos*, 306 F.3d at 579). In determining whether the evidence is sufficient to support a jury verdict, the court looks to the evidence that was actually presented rather than looking to evidence that the government did not introduce. *Id.* at 1020. Furthermore, "questions concerning the credibility of witnesses, where their testimony is not incredible on its face, are for the jury to decide." *Id.* at 1019.

The court finds that the alleged lack of physical evidence does not suggest that a miscarriage of justice may have occurred. The government presented testimony from nineteen witnesses. The government also presented phone records which corroborated the witnesses' testimony. Numerous witnesses testified that, in her capacity as Catherine Johnson's "right-hand man," Defendant delivered heroin to users outside Catherine Johnson's home. Witnesses also testified that Defendant accompanied Catherine Johnson to Chicago for the purpose of obtaining and subsequently selling heroin. Witnesses further testified that Defendant drove "Jello" to drug transactions. The phone records that the government presented corroborated the witnesses' testimony. The jury had the opportunity to consider all of the evidence presented, and it found the evidence sufficient to support

a guilty verdict. Because the court finds that the testimony of the government's witnesses was not incredible on its face, the credibility of the witnesses was for the jury to decide. Defendant took the opportunity to cross-examine the government's witnesses, and, accordingly, the jury had the opportunity to consider witness bias and inconsistent testimony. In light of the testimony of the government's witnesses and the physical evidence presented which implicated Defendant in a conspiracy to distribute heroin, the court finds that the evidence was sufficient to support the jury's guilty verdict. Therefore Defendant is not entitled to a new trial because of insufficient evidence.

### 2. *Buyer/Seller jury instruction*

Defendant next argues that, because the court did not instruct the jury that "a mere buyer/seller relationship is not sufficient to prove a conspiracy," she is entitled to a new trial. Brief in Support of the Motion. As a prong to the buyer/seller argument, Defendant contends that she was entitled to the buyer/seller instruction because the jury was instructed that a conspiracy may involve people with whom Defendant had a more limited relationship.

"Defendants are entitled to a theory of defense instruction if it is timely requested, is supported by the evidence, and is a correct statement of the law . . . ." *United States v. Whitehill*, 532 F.3d 746, 752 (8th Cir. 2008). After such a request, jury instructions are sufficient if they "adequately and correctly cover[] the substance of the requested instruction." *Id.* (quoting *United States v. Rederth*, 872 F.2d 255, 258 (8th Cir. 1989)). When a defendant requests a buyer/seller instruction, a district court may properly exclude the instruction if "there is evidence of multiple drug transactions, as opposed to a single, isolated sale." *United States v. Johnson*, 719 F.3d 660, 671 (8th Cir. 2013) (quoting *United States v. Hester*, 140 F.3d 753, 757 (8th Cir. 1998)) (internal quotation mark omitted). Further, when a defendant's theory of defense is that the defendant was not a knowing member of a conspiracy, it is appropriate to give the following jury instruction

5

in lieu of a buyer/seller instruction:

> You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

*Hester*, 140 F.3d at 757. This instruction was used verbatim in the instant case. *See* Final Jury Instructions, Instruction No. 15 (docket no. 468). Furthermore, several witnesses testified to the fact that Defendant engaged in multiple drug transactions, rather than a single, isolated sale. Regardless of with whom the jury found Defendant conspired, the government presented ample evidence of multiple heroin transactions. In closing arguments, defense counsel argued that Defendant was a mere user; the jury disagreed. Because the jury instructions given were sufficient to allow Defendant to present her defense, Defendant is not entitled to a new trial as a result of the court's failure to give a buyer/seller jury instruction.

## V. CONCLUSION

In light of the foregoing, the Motion for New Trial (docket no. 482) is **DENIED.**

**IT IS SO ORDERED.**

**DATED** this 22nd day of August, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA